## Banks v. City of Wilkes-Barre

Before Pinola, P. J., Lewis and Bigelow, JJ.

*Reynold J. Kosek*, for City of Wilkes-Barre.

*Peter Paul Olszewski*, for retired firemen.

*Robert J. Hourigan* and *Joseph B. Farrell*, for widows of firemen.

BIGELOW, J., April 29, 1963.—The matter before the court is an amended petition for declaratory judgment filed by petitioners who identify themselves as firemen employed by the City of Wilkes-Barre in its fire department, as members of the Wilkes-Barre Firemen's Relief and Pension Association, and as residents of the City of Wilkes-Barre, Pa. Respondent is the City of Wilkes-Barre. The amended petition for declaratory judgment was filed February 21, 1963, and was endorsed with a notice to plead. Service of the amended petition was accepted on behalf of respondent on February 25, 1963, by Reynold J. Kosek, attorney, the City Solicitor. By its answer to the amended petition filed March 1, 1963, the City of Wilkes-Barre admitted the averments of each

of the paragraphs of the amended petition and joined the prayer of petitioners for declaratory judgment. On February 5, 1963, after the original petition for declaratory judgment had been filed on January 31, 1963, attorney Peter Paul Olszewski entered his appearance on behalf of 25 named retired firemen of the City of Wilkes-Barre, and on March 29, 1963, presented to the motion judge a petition on behalf of the named 25 retired firemen praying leave to intervene said retired firemen as parties respondent. By a paper dated March 26, 1963, the attorneys of record for petitioners, the City of Wilkes-Barre and the 25 retired firemen had stipulated that the named parties had no objection to the petition of the retired firemen to intervene as parties respondent. On March 29, 1963, by order of this court, Pinola, P. J., the prayer of the petition was granted and the 25 named firemen were allowed to intervene as parties respondent.

There is no return of service of the amended petition for declaratory judgment upon the 25 named intervening respondents, and no answer to the amended petition has been filed by or on behalf of said intervening respondents.

By praecipe of attorney Andrew I. Puhak, counsel for petitioners, the matter was listed by the prothonotary for argument court on Monday, April 8, 1963. Briefs were submitted as follows: by attorney Andrew I. Puhak, for petitioners, Fred Banks and Carl Schwartz; by Reynold J. Kosek, City Solicitor, for the City of Wilkes-Barre, respondent; by attorney Peter Paul Olszewski, on behalf of the named retired firemen, who had been receiving pensions from the Wilkes-Barre Firemen's Relief and Pension Association, intervening parties respondent; and by attorneys Robert J. Hourigan and Joseph B. Farrell, on behalf of unnamed widows of deceased retired firemen and widows of deceased firemen who were killed while fighting a fire,

both classes of widows having been receiving pensions from the Wilkes-Barre Firemen's Relief and Pension Association. Argument was presented to the court en banc by counsel on behalf of their respective clients.

These proceedings are brought pursuant to the Act of June 18, 1923, P. L. 840, sec. 1, 12 PS §831, the Uniform Declaratory Judgment Act. It appears to the court that the matter was prematurely and erroneously listed for argument, for the reason that the matter is not at issue as the amended petition for declaratory judgment has not been served on the intervening respondents. Section 4 of the Act of May 22, 1935, P. L. 228, 12 PS §850, provides that the court may require the petitioner to bring in any person who claims or might claim an interest which would be affected by the judgment or decree prayed for and has not been served with a copy of the petition, by serving a copy of the petition on said person with an endorsement thereon, as provided by section 2 of said act, as amended, 12 PS §848.

It is apparent to the court from a careful study of the amended petition and the briefs submitted on behalf of the respective parties that an actual controversy exists between city council, on the one hand, which adopted the Paid Firemen's Pension Fund by ordinance passed finally by city council on December 26, 1962, and effective at the expiration of 10 days thereafter, and petitioners herein, firemen presently employed by the City of Wilkes-Barre, as to whether the presently retired firemen and the aforementioned widows are legally or constitutionally constituted participants in the benefits of the Paid Firemen's Pension Fund. The Wilkes-Barre City ordinance extended the benefits of the new Paid Firemen's Pension Fund to presently employed firemen becoming eligible for pension after a minimum service of not less than 30 years at a minimum age of not less than 65 years, and also to

presently retired firemen, widows of retired firemen and families including widows of such firemen as may be killed in the service. The fund is to be under the direction and control of a board of managers as set forth in the ordinance. While only petitioners and the City of Wilkes-Barre have filed pleadings in this matter, it is clear from the positions taken by counsel at oral argument and a study of the briefs submitted in behalf of these respective positions, that the retired firemen who have been receiving pensions from the Wilkes-Barre Firemen's Relief and Pension Association, now in the process of receivership and dissolution, maintain that the new pension fund is legal as to the inclusion of these retired firemen for benefits, but is not legal insofar as it includes the widows of retired firemen for benefits. It is likewise clear that the position of the widows, as yet not parties to this action, is that the new fund is legal as to them. Therefore, the court is of the opinion that all persons who have or claim any interest which would be affected by the declaratory judgment, including the board of managers of the fund, should be made parties to this proceeding. Since the position of petitioners is that the ordinance of December 26, 1962, is unconstitutional as set forth in their brief, the Attorney General of the Commonwealth of Pennsylvania should also be served with a copy of the amended petition and be entitled to be heard, the foregoing pursuant to the provisions of the Act of June 18, 1923, P. L. 840, sec. 11, 12 PS §841.

Finally, section 6 of the Act of May 22, 1935, P. L. 228, 12 PS §852, provides that if no demand for jury trial is made, the court shall proceed to determine all issues of fact as well as those of law, subject to exceptions and appeal, as in equity cases. At the present stage of the pleadings, no copies of the amended petition for declaratory judgment having been served upon the intervening defendants, and several necessary par-

ties to these proceedings not having formally intervened or been served with a copy of the amended petition, the matter should not have been listed for argument court but should have been listed for trial as to the parties properly before the court on the common pleas trial list. It would have become evident to the trial court that, as to the intervening parties, respondent and the necessary parties who have not intervened nor been served with a copy of the amended petition, the matter was not at issue and thus not ready for trial. Therefore, the court at this time will return the matter to its status prior to the argument court held on April 8, 1963, and will direct that copies of the amended petition be served upon all the retired firemen who were receiving pension benefits from the Wilkes-Barre Firemen's Relief and Pension Association or their counsel of record and to the widows of deceased retired firemen and of firemen who died in service, such widows likewise having been the recipients of benefits from the Wilkes-Barre Firemen's Relief and Pension Association.

It is noted that the amended petition avers that there were 27 retired firemen and 32 widows of former firemen receiving benefits from the association as of August 1, 1962. These retired firemen and widows and any others who have become eligible for benefits since August 1, 1962, and the members of the board of managers of the Paid Firemen's Pension Fund, are the individuals considered by the court in this proceeding to be those having an interest which would be affected by the judgment or decree prayed for.

### Order

The court denies the prayer of the amended petition for declaratory judgment at this time for the reasons set forth in the body of the decision, and defers further consideration of the prayer of the amended petition until such time as the retired firemen and widows of

former firemen who had been receiving pensions from the Wilkes-Barre Firemen's Relief and Pension Association or their counsel of record, the Attorney General of the Commonwealth of Pennsylvania and the members of the board of managers of the Paid Firemen's Pension Fund of the City of Wilkes-Barre, are served with copies of the amended petition for declaratory judgment endorsed with the notice to plead in accordance with the Act of May 22, 1935 P. L. 228, sec. 2, as amended, 12 PS §848.